IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CHARLES DAVIS, individually and on behalf of other similarly situated persons,<br><br>       Plaintiff,<br><br>v.<br><br>NOVASTAR MORTGAGE, INC.<br><br>Serve: CT Corporation System<br>    120 South Central Ave.<br>    Clayton, MO 63105<br><br>       Defendant. | Case No.<br><br>Div. |

## COMPLAINT

Plaintiff, Charles Davis, individually and on behalf of all others similarly situated, by and through his undersigned counsel, for his Complaint against Defendant NovaStar Mortgage, Inc. ("NovaStar") states as follows:

### JURISDICTION AND VENUE

1. The Fair Labor Standards Act of 1938, ("FLSA"), as amended, 29 U.S.C. § 201 *et. seq.*, in relevant part, authorizes court actions by private parties to recover damages for violation of the FLSA's overtime provisions. Jurisdiction over Plaintiff's FLSA claims is based upon Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because NovaStar does business in this district and the unlawful conduct giving rise to the claims occurred in this district.

## PARTIES

3. Plaintiff is a former loan originator employed by NovaStar who has been victimized by NovaStar's unlawful compensation practices. Plaintiff was employed by NovaStar as a loan originator in Jackson County, Missouri within the last three years. Written consent to become a party Plaintiff is attached, pursuant to 29 U.S.C. § 216(b), hereto as Exhibit A.

4. NovaStar Mortgage, Inc. is a Virginia corporation with its principal place of business in Jackson County, Missouri.

5. NovaStar provides mortgage services to consumers both locally and nationwide. NovaStar can be served through its registered agent, CT Corporation System, at the above address.

## FACTS

6. NovaStar is a Kansas City based company with mortgage centers in Columbia, Maryland, Kansas City, Missouri, and Lake Forest, California.

7. Plaintiff is a former loan originator employed by NovaStar within the last three years.

8. All loan originators employed by NovaStar over the last three years had essentially the same job duties.

9. Plaintiff used internal leads provided by NovaStar to make contact with potential customers.

10. If a customer indicated interest in obtaining a mortgage from NovaStar, Plaintiff would collect information to complete a loan application and forward the application to a loan underwriter for an approval decision.

11. Plaintiff had no authority or discretion to approve or disapprove a loan.

12. During the past three years, Plaintiff regularly worked far in excess of forty hours per week.

13. Plaintiff was not required to record his time worked and NovaStar failed to maintain accurate time records as required by the FLSA.

14. Plaintiff received a base salary of $2000 per month plus a commission on revenues generated by the loans Plaintiff originated. Plaintiff was not compensated for any of the substantial overtime hours he worked.

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff reasserts and re-alleges the allegations set forth in paragraphs 1 through 14 above.

16. Plaintiff brings the FLSA claims as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging NovaStar's practice of failing to accurately record all hours worked and failing to pay loan originators for all overtime hours worked.

17. The class of employees on behalf of whom Plaintiff brings this "opt-in" collective action are similarly situated because they have been or are employed in the same or similar position as individually-named Plaintiff and were subject to the same or similar unlawful practices as the individually-named Plaintiff. The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of NovaStar, and potential Plaintiffs may easily and quickly be notified of the pendency of this action.

# COUNT I

## Violation of the Fair Labor Standards Act of 1938 -Overtime Claims

### (Brought on Behalf of All Individual Plaintiffs and All Others Similarly Situated)

18. Plaintiff reasserts and re-alleges the allegations set forth in paragraphs 1 through 17 above.

19. At all time material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq*.

20. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

21. NovaStar was, and is, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

22. NovaStar willfully violated the FLSA by failing to pay loan originators for overtime. In the course of perpetrating these unlawful practices, NovaStar has also willfully failed to keep accurate records of all hours worked by loan originators.

23. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime pay obligations set forth under Section 7(a)(1) of the FLSA. None of the FLSA exemptions apply to Plaintiff. Accordingly, Plaintiff must be paid overtime pay in accordance with Section 7 of the FLSA.

24. The individually-named Plaintiff and all similarly situated employees are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all loan originators.

25. Plaintiff and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because NovaStar acted willfully and knew or showed reckless disregard for the matter of whether its conduct was prohibited by Section 6(a) of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 255(a).

26. NovaStar has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to Section 16(b) of the FLSA. Alternatively, should the Court find NovaStar did not act willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

27. As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by NovaStar from Plaintiff for which NovaStar is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

WHEREFORE, individually-named Plaintiff, and all similarly situated employees, demand judgment against Defendant NovaStar Mortgage, Inc. and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief the Court deems fair and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests trial by jury of all issues triable by jury.

**Dated: October 19, 2004**

    Respectfully submitted,

    STUEVE SIEGEL HANSON WOODY LLP

    /s/ George A. Hanson
    George A. Hanson    MO Bar #43450
    hanson@sshwlaw.com
    Virginia Stevens Crimmins    MO Bar #53139
    crimmins@sshwlaw.com
    330 West 47th Street, Suite 250
    Kansas City, Missouri 64112
    Telephone:    (816) 714-7100
    Facsimile:    (816) 714-7101

    ATTORNEYS FOR PLAINTIFFS

SSHW-33883    6
Case 4:04-cv-00956-FJG   Document 1   Filed 10/19/04   Page 6 of 6