**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| CHARLES DAVIS, et al., individually ) <br> and on behalf of other similarly ) <br> situated persons, ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> NOVASTAR MORTGAGE, INC., et al., ) <br> Defendants. ) | No. 04-0956-CV-W-FJG |

## ORDER

Pending before the Court are (1) Plaintiffs' Motion to Strike Defendants' Offer of Judgment (Doc. No. 57); (2) Defendants' Motion to File an Amended Answer (Doc. No. 58); (3) Defendants' Motion for Extension of Time to Conduct Mediation (Doc. No. 59); and (4) Plaintiffs' Second Motion to Amend/Correct Complaint (Doc. No. 60). Each will be examined below.

**I.      Plaintiffs' Motion to Strike Defendants' Offer of Judgment**

Plaintiffs move to strike defendants' offer of judgement, which defendants served on plaintiffs on April 1, 2005. Plaintiffs state that the offer is invalid because (1) the offer was made to more than one plaintiff without itemization of amount offered to each plaintiff; and (2) the offer was made prior to defendants providing information to plaintiffs regarding the potential opt-in class.

Defendants oppose plaintiffs' motion to strike, noting that (1) because the offer of judgment was not filed with the Court, there is nothing to strike; and (2) plaintiffs' arguments regarding the adequacy of the offer of judgment are only hypothetical arguments at this point because defendants have not yet moved for costs pursuant to the offer of judgment (see Bryant v. Bonded Accounts Services, 2000 WL 33955881 (D. Minn. August 2, 2000)(citing Haden v. Pelofsky, 212 F.3d 466, 469 (8th Cir. 2000)).

The Court agrees with defendants that this motion is premature.[1]  Therefore, plaintiffs' motion to strike defendants' offer of judgment (Doc. No. 57) is **DENIED.**

## II. Defendants' Motion to File an Amended Answer

Defendants move to amend their answer, adding two affirmative defenses that were accidentally left out of the answer due to an administrative error.  Plaintiffs have filed no opposition to this motion.  For good cause shown, defendants' motion to file an amended answer (Doc. No. 58) is **GRANTED.**  Defendants shall file their amended answer on or before **May 25, 2005.**

## III. Defendants' Motion for Extension of Time to Conduct Mediation

According to the Court's original Scheduling Order in this case (Doc. No. 31), the deadline for NMI and plaintiffs to conduct mediation was April 25, 2005.  On April 18, 2005, defendants filed the present motion, indicating that both they and plaintiffs believe that mediation in this case will not be productive at this time because (1) NovaStar Home Mortgage, Inc. (NHMI) and NovaStar Financial, Inc. (NFI) were recently added as parties in the present action, have only recently answered plaintiffs' amended complaint, and have not had a scheduling order entered as to them yet; and (2) NHMI is a party to a currently pending action in the U.S. District Court, Central District of California (Dawn Robertson v. NovaStar Home Mortgage, Inc., Case No. CV-04-8444), in which the parties have proposed a settlement and plaintiffs in the present matter have filed objections.  The parties suggest that mediation would not be productive until the settlement issues in the Robertson case are resolved.  The parties request that the mediation in the present matter be Ordered to take place within 60 days after the final ruling on the Robertson settlement.

The Court is concerned of the effect the Robertson settlement may have on the deadlines in the present case; besides the mediation deadline, the scheduling order also

---

[1]The Court wishes to note, however, that plaintiffs may file a motion regarding the adequacy of defendants' offer following any request by defendants for costs pursuant to Rule 68 of the Federal Rules of Civil Procedure.

2

provides a deadline of June 1, 2005 for the initial brief for plaintiffs' motion for conditional certification of collective action. In order to discuss the impact of the Robertson settlement on the scheduling order in the present matter, the Court will hold a teleconference with the parties on **Wednesday, May 25, 2005, at 9:00 a.m.** Plaintiffs shall initiate the conference call, secure all parties to the call, and connect with the Court at 816-512-5630. Thereafter, the Court will rule on the present motion for extension of time to conduct mediation.

### IV.    Plaintiffs' Second Motion to Amend/Correct Complaint

Plaintiffs seek to amend their complaint to add two defendants, Lance Anderson (President and CEO of both NMI and NHMI) and Marian Hess (NMI's Senior Vice President, Human Resources). Plaintiffs note that an individual may be considered an "employer" for purposes of liability under the FLSA, 29 U.S.C. § 203(d), and that individuals may be held jointly and severally liable with corporate entities for failure to pay minimum wage and overtime compensation. Lambert v. Ackerley, 180 F.3d 992, 1011-1012 (9th Cir. 1999); Chao v. Vidtape, Inc., 196 F.Supp.2d 281, 291 (E.D. N.Y. 2002). Plaintiffs state they discovered the extent of the above-mentioned individuals' involvement during the March 31, 2005 Rule 30(b)(6) depositions, and now wish to add those individuals as defendants in this lawsuit.

Plaintiffs also seek to amend their complaint to reflect that certain NovaStar Loan Officers were paid commission only, and on certain weeks received no compensation at all, which they allege violated FLSA's minimum wage requirement. Plaintiffs assert that these violations recently came to light after discovery and additional investigation by plaintiffs' counsel.

Defendants oppose plaintiffs' motion to amend their complaint for the following reasons: (1) plaintiffs' request to amend is unreasonably late, given that this motion to amend comes seven months after the initial filing and plaintiffs should have investigated the claims they seek to add prior to filing their original complaint; (2) the request to add

3

corporate officers is superfluous and unnecessary given that the corporate officers are not indispensable parties under FRCP 19; and (3) because naming the additional corporate officers as defendants adds nothing substantive to this case, the only reason plaintiffs seek to add them is to vex and harass the defendants.

Plaintiffs reply, and the Court agrees, that defendants' arguments are not sufficient to overcome FRCP 15(a)'s provision that leave to amend "shall be freely given when justice so requires." The request to amend is not unreasonably late; the current scheduling order is abbreviated and does not have deadlines for filing motions for leave to amend pleadings. According to the report of the parties' Rule 26 planning conference, the proposed deadline for filing motions for leave to amend would be 15 days after the close of the opt-in period (if the Court grants conditional certification of the opt-in class). Furthermore, plaintiffs have given sufficient reasons as to why they are seeking to amend at this time. The cases cited by defendants to support the proposition that plaintiffs are unreasonably late are distinguishable from the situation at hand; in those cases, trial was mere weeks away, and discovery was closed. See Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994); Williams v. Little Rock Municipal Water Works, 21 F.3d 218 (8th Cir. 1994). Here, in contrast, the briefing on conditional certification of collective action has not begun yet, the current scheduling order does not even have deadlines for completion of discovery, and no trial date has been set. Finally, although the individual defendants are not required parties under FRCP 19, plaintiffs correctly point out that they are parties that could be joined pursuant to the permissive joinder requirements of FRCP 20.

Therefore, for the foregoing reasons, plaintiffs' second motion to amend/correct complaint (Doc. No. 60) is **GRANTED.** Plaintiffs shall file their second amended complaint on or before **May 26, 2005.**

**IT IS SO ORDERED.**

       /s/Fernando J. Gaitan, Jr.
       Fernando J. Gaitan, Jr.
       United States District Judge

Dated:   May 23, 2005
Kansas City, Missouri