# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CHARLES DAVIS, et al., individually and on behalf of other similarly situated persons,<br>    Plaintiffs,<br><br>  v.<br><br>NOVASTAR MORTGAGE, INC., et al.,<br>    Defendants. | No. 04-0956-CV-W-FJG |

## ORDER

Following the Court's issuance of an Order on November 8, 2005, conditionally certifying the case as a collective action under the FLSA (Doc. No. 140), the parties submitted proposals with respect to the form and content of the notice to be sent to prospective class members and the consent to join forms. After reviewing plaintiffs motion for approval of notice and consent to join forms (Doc. No. 141), defendants' objections to same (Doc. No. 142), and plaintiffs' reply suggestions in support (Doc. No. 143), the Court makes the following rulings with respect to the notice and consent forms.[1]

I. <u>Notice</u>

With respect to references to NFI (defendants' paragraph number 1 to Doc. No. 142 (hereafter, "¶ ___"), the Court finds that those should remain in the notice. NFI remains a party to this suit, and plaintiffs assert that certain plaintiffs' paychecks and W-2s were issued by NFI. With respect to the statute of limitations (¶ 5), the Court has made no rulings as to applicable statute of limitations in this case, and therefore finds that the language proposed by defendants should be omitted from the notice. Additionally, the

---

[1]To the extent the parties are in agreement (as represented in plaintiffs' reply, Doc. No. 143), the Court adopts the changes proposed by defendants unless otherwise stated in this Order.

Court has made no ruling on the arbitration agreement issue (¶ 6), and adopts the language proposed by plaintiffs noting the disagreement among the parties with respect to this issue.

With respect ¶ 8, the Court adopts the language proposed by defendants and incorporates it into the approved notice as an accurate statement of the law.

As for court costs (¶¶ 10 and 13), the Court finds objectionable defendants' proposed language asserting plaintiffs may be responsible for paying court costs if they do not prevail (and conversely asserting that if class members do not join, they will not be responsible for paying court costs), and adopts plaintiffs' position on this issue.

With respect to the issue of percentage of settlement (¶ 11), as the Court must approve any class-wide settlement, see, e.g., Strong v. BellSouth Telecomms., Inc., 137 F.3d 844, 849-50 (5th Cir. 1998), the Court has revised the language proposed by the parties, so that the sentence states: "Under the fee agreement, in the event there is a recovery, Plaintiffs' counsel will receive a percentage of any settlement obtained or money judgment entered in favor of all members of the class, subject to approval by the Court."

## II.  Consent to Join

The Court finds in favor of plaintiffs as to the issues raised in paragraphs 1-4 of defendants' opposition.  The Court notes that (1) no decision has yet been made as to the enforceability of the arbitration agreements, (2) the dates of class members' employment should already be known to defendants or otherwise obtainable through discovery, (3) the amount of overtime worked (if any) will be obtainable through discovery, and (4) a verified consent form is unnecessary given that the Court has found that class members do not need to verify dates of employments and amount of overtime worked.  With respect to defendants' ¶ 5, the Court finds that opt-in plaintiffs should provide both their signature and their printed name, but that they do not need to provide a street address, telephone number, or e-mail address in their consent to join.

III. Conclusion

Accordingly, the Court adopts the notice and consent forms attached to this Order as the appropriate mechanism for providing notice to potential class members of their rights.

**IT IS SO ORDERED.**

                                              /s/Fernando J. Gaitan, Jr.
                                              Fernando J. Gaitan, Jr.
                                              United States District Judge

Dated:    December 13, 2005
Kansas City, Missouri

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES DAVIS, et al., individually and on behalf of other similarly situated persons, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 04-0956-CV-W-FJG |
| NOVASTAR MORTGAGE, INC., et al., | ) ) | |
| Defendants. | ) | |

### NOTICE OF LAWSUIT

TO: All Current and Former Employees of NovaStar Mortgage, Inc. and NovaStar Financial, Inc. Employed as a Loan Officer at Any Time from June 2001 to June 2004

FROM: George A. Hanson and Virginia Stevens Crimmins, Stueve Siegel Hanson Woody LLP, Counsel For Plaintiffs

RE: Right to Join Lawsuit Against NovaStar Mortgage, Inc. and NovaStar Financial, Inc.

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF PLAINTIFFS' CLAIMS OR DEFENDANTS' DEFENSES.**

### I. INTRODUCTION

The purpose of this Notice is (1) to inform you of a collective action lawsuit against NovaStar Mortgage, Inc. ("NMI") and NovaStar Financial, Inc. ("NFI") (collectively "NovaStar"), Lance Anderson and Marian Hess (hereinafter collectively the Manager Defendants) which you have the right to join, (2) to advise you of how your rights may be affected by this suit, and

(3) to instruct you on the procedure for participating in this suit should you decide that it is appropriate.

## II. DESCRIPTION OF THE LAWSUIT

Plaintiffs brought this wage and hour lawsuit on behalf of themselves and other current and former loan officers of employed by NovaStar. Plaintiffs allege that they are entitled to recover because NovaStar and the Manager Defendants failed to pay them overtime compensation as required by the federal Fair Labor Standards Act ("FLSA"). Plaintiffs seek to recover unpaid overtime owed to each Plaintiff, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees and court costs.

NovaStar and the Manager Defendants deny that they have improperly failed to pay any current or former employees, and deny that any current or former employees are entitled to any additional compensation or other relief.

## III. WHO IS INCLUDED IN THIS LAWSUIT?

Current Plaintiffs seek to sue on behalf of themselves and also on behalf of a class of similarly situated employees. Specifically, Plaintiffs seek to represent any and all current and former employees of NovaStar employed as Loan Officers at any time from June 2001 to June 2004 who also believe they were not properly compensated as described above.

## IV. ARBITRATION AGREEMENTS

If you signed an arbitration agreement agreeing to arbitrate all disputes with NovaStar, you may waive your right to enforce your arbitration agreement if you seek to join this lawsuit. NovaStar believes it has the right to enforce the arbitration agreement against you. Plaintiffs believe the arbitration agreement is unenforceable. The Court has made no ruling related to this issue.

## V. YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

If you are a current or former employee of NovaStar and fit the description above, you may join this lawsuit (that is, you may "opt-in"). Enclosed is a form called "Consent to Join."

If you choose to join this lawsuit, **it is extremely important that you read, sign and promptly return the Consent to Join Form**. An addressed and postage paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, the Consent to Join Form must be sent to:

>Stueve Siegel Hanson Woody LLP
>330 W. 47th Street
>Suite 250
>Kansas City, Missouri 64112

The signed Consent to Join form must be postmarked by [insert date 90 days after mailing of Notice]. **If your signed Consent to Join Form is not postmarked by [insert date 90 days after mailing of Notice] you will not participate in any recovery obtained against NovaStar and the Manager Defendants in this lawsuit**.

If you file a "Consent to Join" form, your continued right to participate in this suit may depend upon a later decision by the district court that you and the Plaintiffs are actually "similarly situated" in accordance with federal law.

## VI.  EFFECT OF JOINING THIS LAWSUIT–ATTORNEYS' FEES

If you choose to join this lawsuit, you will be bound by the final judgment, whether favorable or unfavorable. You will also be bound by, and will share in, any settlement that may be reached on behalf of the class. While this suit is pending, you may be required to respond to written questions, produce documents, sit for depositions and/or testify in court. By joining this lawsuit, you designate the named Plaintiffs as your representatives, and to the fullest extent possible, to make decisions on your behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Plaintiffs' counsel regarding payment of fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into will be binding on you if you join this lawsuit.

The named Plaintiffs have entered into a contingency fee agreement with Plaintiffs' counsel, which means that if there is no recovery, there will be no attorneys' fees or costs chargeable to you. Under the fee agreement, in the event there is a recovery, Plaintiffs'

6

Case 4:04-cv-00956-FJG   Document 148   Filed 12/13/05   Page 6 of 9

counsel will receive a percentage of any settlement obtained or money judgment entered in favor of all members of the class, subject to approval by the Court. The fees may be part of a settlement obtained or money judgment entered in favor of Plaintiffs, or which may be ordered by the Court to be separately paid by NovaStar and the Manager Defendants, or which may be a combination of the two. A copy of the contingency fee agreement executed by the named Plaintiffs may be obtained upon request from Plaintiffs' counsel identified in Section VIII below.

### VII.    NO LEGAL EFFECT IN NOT JOINING THIS LAWSUIT

If you choose not to join this lawsuit, you will not be affected by any judgment or settlement rendered in this case on this claim, whether favorable or unfavorable to the class. You also will be free to file your own individual lawsuit, subject to any defenses that might be asserted.

### VIII.   NO RETALIATION PERMITTED

It is a violation of federal law for NovaStar and the Manager Defendants to terminate your employment, or in any other manner discriminate or retaliate against you for taking part in this case or otherwise exercising your rights under the Fair Labor Standards Act.

### IX.    YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this suit, your interests will be represented by the named Plaintiffs through their attorneys: George A. Hanson, Norman E. Siegel and Virginia Stevens Crimmins, Stueve Siegel Hanson Woody LLP, 330 W. 47th Street, Suite 250, Kansas City, Missouri.

If you have any questions or require additional information, please contact any of the following individuals:

| | |
|---|---|
| George A. Hanson, Attorney<br>Stueve Siegel Hanson Woody LLP<br>(800) 714-0360<br>(816) 714-7100<br>hanson@sshwlaw.com | Norman E. Siegel, Attorney<br>Stueve Siegel Hanson Woody LLP<br>(800) 714-0360<br>(816) 714-7100<br>siegel@sshwlaw.com |
| Virginia Stevens Crimmins, Attorney<br>Stueve Siegel Hanson Woody LLP<br>(800) 714-0360<br>(816) 714-7100<br>crimmins@sshwlaw.com | Michele Hall, Legal Assistant<br>Stueve Siegel Hanson Woody LLP<br>(800) 714-0360<br>(816) 714-7173<br>hall@sshwlaw.com |

Dated: _____, 2005

**Exhibit A**

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| CHARLES DAVIS, et al., individually )<br>and on behalf of other similarly )<br>situated persons, )<br>               Plaintiffs, )<br>)<br>       v. )<br>)<br>NOVASTAR MORTGAGE, INC., et al., )<br>               Defendants. ) | No. 04-0956-CV-W-FJG |

**CONSENT TO JOIN**

    **I WANT TO JOIN THIS LAWSUIT** pending in the United States District Court for the Western District of Missouri, Case No. 04-956-FJG. I understand that this lawsuit seeks unpaid overtime compensation that may be owed to me and that by joining this lawsuit I will become a plaintiff. While the suit is proceeding, I may be required to respond to written questions, produce documents, give deposition testimony, and/or testify in Court. By joining this lawsuit, I designate the named Plaintiffs as my representatives, and to the fullest extent possible, to make decisions on my behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to this lawsuit. I understand that while I have the right to choose other counsel and to pursue my claims on my own behalf, I choose to be represented by Class Counsel George A. Hanson, Norman E. Siegel and Virginia Stevens Crimmins of Stueve Siegel Hanson Woody LLP and other attorneys with whom they may associate.

Date: _____     _____
                                                                Signature

_____
Name (please print)

Exhibit B